JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
DAVID J. MORSE, IDAHO STATE BAR NO. 10066
ASSISTANT UNITED STATES ATTORNEY
MARIE C. CHONG, IDAHO STATE BAR NO. 10973
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 WEST MYRTLE STREET, SUITE 500
BOISE, ID 83702
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEANN TACKMAN,<br><br>Defendant. | Case No. 1:24-CR-0006-AKB-1<br><br>**STIPULATED MOTION FOR A DISCOVERY PROTECTIVE ORDER** |

The United States of America, by and through Joshua D. Hurwit, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, and the Defendant, by and through his attorney of record, for the reasons set forth below, hereby stipulate, agree, and request that the Court enter a protective order to ensure the confidentiality of certain discovery materials.

Specifically, this protective order will apply to files identified in the discovery materials as TACKMAN_000005 through TACKMAN_000009, TACKMAN_000075 through TACKMAN_000092, TACKMAN_000155 through TACKMAN_000273, TACKMAN_000361

STIPULATED MOTION FOR A DISCOVERY PROTECTIVE ORDER - 1

through TACKMAN_000373, TACKMAN_000376 through TACKMAN_000393, TACKMAN_000594 through TACKMAN_000607, TACKMAN_000695 through TACKMAN_001127.  For purposes of this motion, these materials will collectively be referred to as the "protected materials."

Entry of a protective order restricting the use, dissemination, and disposition of these "protected materials" is essential to permit the Government to provide discovery while protecting the materials from public dissemination. The discovery materials contain personal identifying information for minor children and other witnesses. Therefore, the Government and Defense Counsel ask the Court to enter a protective order with the following terms:

1.  **Designation of material subject to this protective order.**  This protective order applies to files identified in the discovery materials as TACKMAN_000005 through TACKMAN_000009, TACKMAN_000075 through TACKMAN_000092, TACKMAN_000155 through TACKMAN_000273, TACKMAN_000361 through TACKMAN_000373, TACKMAN_000376 through TACKMAN_000393, TACKMAN_000594 through TACKMAN_000607, TACKMAN_000695 through TACKMAN_001127.  For purposes of this motion, these materials will collectively be referred to as the "protected materials."

2.  **Access to and use of the material subject to this protective order.**  The Defendant, his counsel and counsel's agents and employees may use the "protected materials" only for the purpose of litigation.  They may not disclose the "protected materials" to anyone not specifically entitled to access under this protective order.  Defense Counsel may review the "protected materials" with the Defendant if necessary to litigate this case but may not provide the Defendant with any of the "protected materials." Defense counsel and counsel's agents and employees may only use the "protected materials" to defend this criminal case, including any

STIPULATED MOTION FOR A DISCOVERY PROTECTIVE ORDER - 2

appeal, and may disclose the "protected materials" to non-parties to this litigation, such as experts or outside investigators retained by the Defendant, as follows:

 a. Such disclosure may occur only as needed for the litigation; and

 b. Such disclosures may occur only after Defense Counsel advises the non-party of the terms of this order.

Defense Counsel may disclose the "protected materials" to post-conviction counsel in the event that the Defendant files a § 2255 petition. However, Defense Counsel agrees to advise post-conviction counsel of the terms of this order.

 3. **Use of the "protected materials" in court filings and open court.** The procedures for use of the "protected materials" during any hearing or the trial of this matter will be determined by the parties and the Court in advance of a hearing or trial. The parties shall consider the following: requesting the court permit submission of such "protected materials" under seal, requesting that any exhibit be placed under seal, and assuring that all protected information is redacted in accordance with Federal Rule of Criminal Procedure 49.1 and other applicable laws.

 5. **Maintenance and storage of the "protected materials."** Defense Counsel will maintain the "protected materials" in a secure and safe area, and will properly store, use and disseminate the "protected materials" in accordance with this order. Non-party recipients of the "protected materials" pursuant to this order will follow the same procedures for storing, using and disseminating the "protected materials."

 6. **Disposition of the "protected materials."** Within 90 days of the completion of all litigation, being either by entry of final judgment (such as sentencing, appeal, or dismissal of the indictment) or completion of any petition for a writ of habeas corpus or petition for post-

STIPULATED MOTION FOR A DISCOVERY PROTECTIVE ORDER - 3

conviction relief, or within 90 days of the termination of Defense Counsel's representation, whichever comes later, Defense Counsel will destroy the "protected materials." Defense Counsel may maintain work product associated with the "protected materials" subject to the same protections as this order.

7. **Addition of Counsel after Entry of Order.** This order covers additional defense counsel in this case so long as they agree to be bound by the terms of this order and so consent by the execution of a supplemental stipulation, which shall be filed as a supplement to this order.

8. **Modification Permitted.** Nothing in this order shall prevent any party from seeking its modification. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking modification from the court.

9. **No Ruling on Discoverability or Admissibility.** This order does not prevent a party from objecting to discovery that it believes to be otherwise improper. Further, this order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

10. **Unauthorized Disclosure.** If the "protected materials" are disclosed in a manner not authorized by this order, then Defense Counsel shall make diligent efforts to obtain the return of the "protected materials" and to bind the recipient of the "protected materials" to the terms of this order. Within 10 business days of learning of such disclosure, Defense Counsel will inform the Court and Government of the unauthorized disclosure and identify such recipient to the Court.

11. **Sanctions for Unauthorized Disclosure.** The parties will confer with each other before seeking relief from the Court for any alleged violations of this order. Neither party shall seek court-imposed sanctions without providing the other party with notice at least 3 business days in advance.

12. **Non-termination.** This order shall survive the termination of the criminal case and will continue in full force and effect thereafter until further court order.

Respectfully submitted this 27th day of February, 2024.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*/s/ David J. Morse*
DAVID J. MORSE
Assistant United States Attorney
MARIE C. CHONG
Special Assistant United States Attorney

Respectfully submitted this 27th day of February, 2024.

*/s/ David Aaron Hooper*
David Aaron Hooper
Attorney for Deann Tackman

STIPULATED MOTION FOR A DISCOVERY PROTECTIVE ORDER - 5